| | | | |
|---|---|---|---|
| Case No. | LACV 18-6741-VAP (FFMx) | Date | August 14, 2018 |
| Title | *Kamran Dolatkhah, et al. v. Hartland Property Holdings, LLC, et al.* | | |

Present: The Honorable    VIRGINIA A. PHILLIPS, CHIEF UNITED STATES DISTRICT JUDGE

| BEATRICE HERRERA | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION AND REMANDING CASE (DOC. NO. 7) (IN CHAMBERS)**

On January 5, 2018, Plaintiffs Kamran Dolatkhah, Maria Dolatkhah, TJM Real Estate Investments Profit Share Plan and EDF Capital, LLC (collectively, "Plaintiffs"), filed a Complaint in the California Superior Court for the County of Los Angeles for Unlawful Detainer against Defendants Hartland Property Holdings, LLC ("Defendant"), and Does 1-20, inclusive, in case number 18STUD00321. (*See* Doc. No. 2 at 7-9.)   On August 6, 201, Defendant, acting *pro se*[1], removed the action to this Court. (*See* Doc. No. 2 at 1.)  On August 10, 2018, Plaintiffs filed an Ex Parte Application to Remand, or in the alternative, for an Order Shortening Time for a Hearing on a Motion to Remand. (Doc. No. 7.)  After reviewing and considering all papers filed in support of Plaintiffs' Application, the Court REMANDS this Action to state court.

Removal jurisdiction is governed by statute.  *See* 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the

---

[1] Defendant identifies itself as "Hartland Property Holdings, LLC, a California limited liability company."  As Local Rule 83-2.2.2 prohibits limited liability corporations from representing themselves *pro se* before this Court, Defendant is therefore in violation of this Court's Local Rules, which may be grounds for sanctions.

burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant has offered no legitimate basis for removal. The Complaint only asserts a claim for unlawful detainer, "a cause of action that is purely a matter of state law," *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, at *2 (C.D. Cal. Sept. 24, 2009), and there is no federal statute or case law cited in the Complaint, *see generally* Doc. No. 2 at 5-9. "Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists." *Id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo,* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Nor is there a basis for diversity jurisdiction as the Complaint clearly states that Plaintiffs seek damages in the amount of $15,000. Doc. No. 2 at 7; *see* 28 U.S.C. § 1332(a) (noting that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000").

In its Notice of Removal, Defendant contends that the Court has jurisdiction because the case "developed from fraudulent acts of illegally transacted loans and interests costs that exceeds 75,000.00 and involve loan transacting and a non-judicial foreclosure that was processed by unlicensed brokers and lenders using usurious means of delegation in respect to these unlawful acts." (Doc. No. 2 at 3.) This contention, however, is belied by the Complaint, which reveals that this is an unlawful detainer action that is purely within the purview of the state court. Defendant thus has not met its burden of establishing that the case is properly in federal court. *Gaus*, 980 F.2d at 566. Accordingly, the Court **REMANDS** this matter to the California Superior Court for the County of Los Angeles.

Moreover, although the Court is cognizant of Defendant's troubling pattern of repeatedly attempting to remove this case after receiving unfavorable rulings in the Superior Court, (Request for Judicial Notice, Doc. No. 7-3, Exs. 1-5), the Court **DENIES** Plaintiff's ex parte request for attorney's fees without prejudice. Any request for attorney's fees must be made by duly noticed motion and the Court will retain jurisdiction over a motion for attorney's fees even after remand. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 19922) ("The award of fees pursuant to section 1447(c) is collateral to the decision to remand. The district court retained jurisdiction after the remand to entertain Plaintiffs' motion for attorney's fees.").

**IT IS SO ORDERED.**